MATHIS, Ex'x, v. OKLAHOMA TAX COMMISSION.

No. 31369.     March 6, 1945.

*157 P. 2d 156.*

C. S. Macdonald and F. W. Files, both of Pawhuska, for plaintiff in error.

E. L. Mitchell, Tom P. Pace, and C. W. King, all of Oklahoma City, for defendant in error.

OSBORN, J. This is an appeal from an order of the Oklahoma Tax Commission. The Oklahoma Tax Commission included the entire value of the real estate so held by the deceased and his wife as joint tenants in the value of the gross estate of the deceased, and assessed the tax thereon.

Harriet Mathis, executrix of the estate of S. S. Mathis, will be referred to as protestant, and the Oklahoma Tax Commission will be designated as Commission.

The cause was presented to the Commission upon a stipulation of facts. The agreed facts, according to such stipulation, are: S. S. Mathis died May 23, 1941, and the deceased and Harriet Mathis were husband and wife at the time of his death and were married ap-

proximately 16 years prior to the date of his death; that certain real estate had been conveyed to the deceased and his wife as joint tenants with the right of survivorship by deeds dated September 22, 1938, January 10, 1939, and May 22, 1939; that the deeds were recorded in the county clerk's office soon after they were executed and delivered; that the entire purchase price of said real estate was furnished by the deceased; that Harriet Mathis as executrix of the estate of S. S. Mathis, deceased, made a return to the Oklahoma Tax Commission and paid the inheritance and transfer tax upon one-half of the appraised value of the real estate involved herein.

The brief of protestant states that the statement of facts should be corrected to include only the conveyances dated September 22, 1938, and January 10, 1939, as the full value of the real estate conveyed by the deed dated May 22, 1939, was included in the return and the tax was paid thereon.

The only proposition presented in this appeal is stated by the protestant as follows: "The conveyances to S. S. Mathis and Harriet Mathis, husband and wife, with the right of survivorship were made while the 1935 act with reference to the estate tax upon joint tenancies was in effect, and such act provided for the payment of an estate tax to the extent of the interest held by the decedent and any other person as joint tenant. The 1939 act amending the 1935 act cannot be construed to apply to transactions fully completed when such amendment became the law."

The question presented by such proposition is: If property is conveyed to two joint tenants with the right of survivorship prior to the effective date of section 6 (a), subdiv. 4, article 9, chapter 66, Session Laws, 1939 (Title 68 O.S. 1941 § 989e, subdiv. 4), do the provisions of said section apply to the estate of the joint tenant who died subsequent to the effective date of said section? Such application will not be made unless the Legislature has clearly expressed such intention. Shwab v. Doyle, 258 U.S. 529, 42 Sup. Ct. 391, 66 L. Ed. 747.

The protestant states: "We concede that any joint tenancy created subsequent to the effective date of the 1939 act would be taxable in the event that it was shown that the interest acquired by the survivor from the decedent was for less than an adequate and full consideration in money or money's worth."

Section 1, chapter 66, article 9, Session Laws, 1939, (Title 68, O.S. 1941 § 989) is as follows:

"Section 1. A tax, at the rates prescribed in section 2 of this act, is hereby levied upon the transfer of the net estate of every decedent, whether in trust or otherwise, to persons, associations, corporations, or bodies politic, of property, real, personal, or mixed, whether tangible or intangible, or any interest therein or income therefrom, by will or the intestate laws of this State, by any order setting apart property and/or granting family allowances pursuant to the probate code, by deed, grant, bargain, sale or gift made in contemplation of the death of the grantor, vendor or donor, or intended to take effect in possession or enjoyment at or after such death, *whether made before or after the passage of this act.* Provided, however, that nothing in this act shall be construed as subjecting to payment of such tax the escheat of property to the State for the benefit of its common schools. Such tax shall be imposed upon the value of the net estate and transfers at the rates, under the conditions, and subject to the exemptions and limitations hereinafter prescribed."

The pertinent portions of section 6 of the above mentioned act are:

"The value of the gross estate, used as a basis for a determination of the value of the net estate, shall be determined by including: . . .

(4) To the extent of the value of any interest of the decedent in any such property owned by the decedent and any other person as joint tenants, tenants in common or tenants by the entirety, including funds or securities deposited with any person, corporation, bank or trust company or held in any safety box kept by the beneficiary or

joint survivor in their joint names, payable or deliverable to either or the survivor, except such part of said property or deposit as may be shown to have originally belonged to such other person and never to have been acquired by the latter from the decedent for less than an adequate and full consideration in money or money's worth."

Section 22, article 9, chapter 66, Session Laws, 1939, (the repealing clause) which is not shown in the 1941 Compilation, provides:

"It is intended to substitute the provisions of this Act for the Inheritance and Transfer Tax Act now in effect, being Article 5, Chapter 66, Session Laws, 1935, and after the effective date of this Act the said Inheritance and Transfer Tax Law, as contained in Article 5, Chapter 66, Session Laws, 1935, and all laws in conflict with this Act, are hereby repealed; provided further, however, that the provisions of this Act shall not apply to any estate or transfer which may be included therein where the decedent died prior to the effective date of this Act, but as to such estates or transfers and the rights of the State or any interested parties, the said Inheritance and Transfer Tax Law, in effect at the time of the passage of this Act, shall remain in full force and effect."

The above section manifests the intention of the Legislature to substitute the provisions of article 9, chapter 66, Session Laws, 1939, for the provisions of article 5, chapter 66, Session Laws, 1935, and, after the effective date of the 1939 Act, to repeal the 1935 Inheritance and Transfer Tax Law and all other laws in conflict with the 1939 Act. The only estates exempt from the provisions of the 1939 Act are those where the decedents died prior to the effective date of said act. The controlling factor is the date of the death of the decedent and not the date of the acquisition of the property.

The Legislature having so provided, it follows that the provisions of the 1939 Act apply to the estate of S. S. Mathis. Under the provisions of section 6 (a), subdiv. 4, article 9, chapter 66, Session Laws, 1939 (Title 68, O.S. 1941 § 989e) the full value of the real estate owned by the deceased and his wife as joint tenants may be included in the value of the decedent's gross estate, because, as shown by the agreed facts, "all the purchase price paid for said real estate described in said deeds was furnished by S. S. Mathis."

Order sustained.

HURST, V.C.J., and BAYLESS, CORN, and DAVISON, JJ., concur.